# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| LUANN MITCHELL, | ) | CASE NO.1:14CV924 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| SUPREME COURT OF OHIO, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

   This matter is before the Court on Appellant Luann Mitchell's Appeal from the United States Bankruptcy Court decision finding the debt owed Appellee is nondischargeable.  For the following reasons, the Court denies Appellant's appeal and affirms the decision of the Bankruptcy Court.

   According to Appellant, on June 13, 2013, she filed a Voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code.   Appellant listed Appellee, The Supreme Court of Ohio, as an unsecured creditor with a claim of $16,300.00.  Appellee contends the debt owed is a penalty owed to a government entity and is not subject to discharge pursuant to 11 U.S.C. § 523(a)(7).  On March 17, 2014, the Bankruptcy Court agreed with Appellee, finding the debt was not dischargeable.  Appellant now appeals the decision of the Bankruptcy Court.

   There is no factual dispute.   Appellant Luann Mitchell was admitted to the practice of law in 1983.  On April 23, 2008, Mitchell was suspended from the practice of law for eighteen months with twelve months stayed with certain conditions.  Furthermore, certain

costs of the disciplinary proceedings were taxed to Mitchell.  These included publication

costs, postage, Federal Express costs, along with costs to the Cleveland Bar Association,

Judge Arlene Singer, Sandra J. Anderson, Lisa M. Lucione Fabbro and transcription costs

totaling $11,654.73.  With additional costs and interest the total was $12, 085.33.

 According to Mitchell, these costs were assessed by the Ohio Supreme Court in

*Cleveland Bar Association v. Mitchell*, 118 Ohio St.3d 98 (2008), in a stand alone paragraph

at the end of the opinion, separate from the sanctions section.  Because these are costs and not

penalties, Mitchell contends they cannot be classified as a penalty owed a government entity

and are, therefore, dischargeable.

 The Supreme Court of Ohio argues the Bankruptcy Court correctly determined the

debt owed was penalty owed a governmental unit and was, therefore, nondischargeable.

## <u>LAW AND ANALYSIS</u>

 Pursuant to 28 U.S.C. § 158(a), the district courts of the United States shall have

jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of

court, from interlocutory orders and decrees of bankruptcy judges.  The District Court reviews

a Bankruptcy Court's factual findings for clear error and its conclusions of law are reviewed

*de novo*.  *U.S. Trustee v. Mohr,* 436 B.R. 504, 508-09 (S.D.Ohio,2010).

 At issue in this case is the Bankruptcy Court's determination that Mitchell's debt,

owed to the Supreme Court of Ohio, is a penalty and not a cost.  11 U.S.C. § 523(a)(7) reads:

  (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this
  title does not discharge an individual debtor from any debt

  (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for
  the benefit of a governmental unit, and is not compensation for actual
  pecuniary loss, other than a tax penalty;

2

When considering whether a debt is a cost or penalty under 11 U.S.C. § 523(a)(7) "a debt must satisfy three requirements: (1) it must be "for a fine, penalty, or forfeiture"; (2) it must be "payable to and for the benefit of a governmental unit"; and (3) it must not be "compensation for actual pecuniary loss." *In re Hollis,* 810 F.2d 106, 108 (6th Cir. 1987). The parties do not dispute the debt was payable to and for the benefit of a governmental unit. This dispute involves whether the assessed costs constitute a "fine, penalty or forfeiture" and whether the assessed costs are or are not "compensation for actual pecuniary loss."

In its Opinion, the Bankruptcy Court considered the purposes of the Bankruptcy Code and the nature of the costs assessed.  The Bankruptcy Court determined that cost assessments, arising from an Ohio attorney disciplinary hearing are penal in nature and are intended to protect the public.  In *Ohio State Bar Assn. v. Dalton,* 124 Ohio St.3d 514, 516 (2010) the Ohio Supreme Court held, "[h]owever, following the reasoning that monetary sanctions imposed in an attorney-discipline case are penal, courts have reasoned that such sanctions constitute a fine, penalty, or forfeiture within the meaning of Section 523(a)(7), Title 11, U.S. Code and therefore are not discharged in bankruptcy."  The Bankruptcy Court considered this holding by the Ohio Supreme Court in conjunction with the fact that the monetary assessment against Mitchell was found under the heading "Sanctions."  The Bankruptcy Court further found that several circuits, including the First, Ninth and Eleventh Circuits, have all held cost assessments in state attorney disciplinary actions are nondischargeable debts under 11 U.S.C. § 523(a)(7), as have district and bankruptcy courts in this circuit.  Also, the Bankruptcy Court considered the United States Supreme Court decision in *Kelly v. Robinson*, 479 U.S. 36 (1986), wherein the Court found that restitution orders in a state criminal proceeding were

3

nondischargeable debts.  When considered in light of Ohio law, holding that cost assessments in attorney disciplinary proceedings are penal, the Bankruptcy Court determined the costs assessed against Mitchell were not subject to discharge.

The Bankruptcy Court's decision acknowledged law to the contrary, including decisions in this circuit, however, the Bankruptcy Court noted none involved Ohio law or involved costs assessed to a state governmental unit.

Finally, the Bankruptcy Court determined that the costs assessed by the Ohio Supreme Court are intended as a sanction to protect the public from improper conduct by attorneys. Therefore, they cannot be considered compensation for actual pecuniary loss.  Given that Ohio attorney disciplinary proceedings are "quasi-criminal" in nature, the Bankruptcy Court considered the United States Supreme Court holding in *Kelly* and *In re Hollis*, 810 F.2d 106 (6th Cir. 1987), a Sixth Circuit case, both involving 523(a)(7) issues arising from criminal sanctions.   Applying the rationale in these criminal cases to the purposes of Ohio's attorney disciplinary scheme, the Bankruptcy Court held that even if the costs assessed are compensatory in nature, they are intended to protect the public and therefore, under Ohio law are nondischargeable debts.

Mitchell raises several arguments on appeal.  First, she contends that under the Ohio Supreme Court Rules of Government of the Bar of Ohio the attorney disciplinary action provision does not contain the terms "civil penalty" or "monetary penalty" as found elsewhere in the Rules.  Instead it only includes costs.  Under the Rules, the Court must interpret this language as purposeful.  Thus, the costs are not termed as penalties and courts may not construe them as such.

Second, Mitchell contends the Bankruptcy Court's reliance on the *Kelly* case was misplaced because restitution orders in criminal proceedings are intended to be part of the sanction while cost assessments in attorney disciplinary cases are more closely related to court costs than restitution.  This is so because under the attorney disciplinary rules, an attorney must pay restitution to victims along with paying the costs of the action.

Third, Mitchell argues the Bankruptcy Court's reliance on *Dalton* is misplaced because *Dalton* involved the unauthorized practice of law, which expressly provides for a civil penalty in addition to costs and expenses.  It was this civil penalty that was considered by the court in Dalton, not assessed costs.

Also, the Bankruptcy case held the costs were assessed under the heading "Sanction" when, in fact, they were contained in a wholly separate paragraph.

Having considered the Briefs, Bankruptcy Court decision, relevant case law and supporting materials, the Court denies Mitchell's appeal and affirms the Bankruptcy Court's finding that Mitchell's cost are nondischargeable debt.

In its well-reasoned and thorough opinion, the Bankruptcy Court properly applied the law to the facts.  First, the Bankruptcy Court correctly determined that although the  issue of whether a debt is a fine, penalty or forfeiture under §523(a)(7) is a question of federal law, courts look to state law to determine the nature of the debt imposed. (B.C. Opinion at pg. 9). The Bankruptcy Court then looked to the purpose behind Ohio attorney disciplinary proceedings and found they are intended to protect the public from misconduct. See *Ohio State Bar Ass'n v. Weaver*, 41 Ohio St.2d 97, 100 (1975) ("The court's purpose in a proceeding of this type is not to enforce the criminal code, but rather to investigate the

conduct and fitness of one of its officers.  These proceedings are neither civil nor criminal; they are instituted to safeguard the courts and to protect the public from the misconduct of those who are licensed to practice law.").  Relying on the Ohio Supreme Court decision in *Dalton* and the decision of the Southern District of Ohio Bankruptcy Court in *In re Bertsche,* 261 B.R. 436 (Bankr. S. D. Ohio 2000), the Bankruptcy Court accurately concluded that cost assessments arising from an attorney disciplinary proceeding in Ohio are penal in nature and are nondischargeable.

The United States Supreme Court, in *Kelly v. Robinson*, 479 U.S. 36, 50 (1986) held that the term "debt" under § 523(a)(7) is broadly construed and "includes any condition a state criminal court imposes as part of a criminal sentence."  The Sixth Circuit has held criminal court costs are not dischargeable under § 523(a) (7).  See *Hollis*, 810 F.2d at 108-09. The Bankruptcy Court analyzed the similar purposes of a criminal proceeding and an attorney disciplinary proceeding and concluded both are intended to protect the public.  The Bankruptcy Court further found persuasive the fact that cost assessments in attorney disciplinary proceedings are discretionary under Ohio law.  Thus, they are more in the nature of a fine, penalty or forfeiture.  The Bankruptcy Court further found that unlike other states, Ohio's disciplinary hearing is an "adversary proceedings of a quasi-criminal nature." (Memorandum of Opinion pg. 16) quoting *In re Ruffalo* 390 U.S. 544, 551 (1968).  This quasi-criminal proceeding makes comparison to the holdings in *Kelly* and *Hollis*, which arose out of criminal proceedings, more applicable than a non-adversarial proceeding as found in other states.

The Court finds this reasoning persuasive.  The discretionary nature of the assessment

6

of costs weighs in favor of finding this is a fine, penalty or forfeiture because of the penal nature of the proceedings.  If these were, in fact, actual losses they would more likely be imposed as a matter of course.  The Court also believes the assessed costs are penal in nature because the primary purpose of the proceedings are the protection of the public.  "The mere fact that a penal sanction is calculated by reference to actual costs does not, in and of itself, transform the penalty into compensation for pecuniary loss.  'Even where a debt is intended to help defray the expense of government, it may not be dischargeable if its primary purpose is penal.'" *In re Smith* 317 B.R. 302, 312 (Bkrtcy.D.Md.,2004) quoting  *In re Thompson,* 16 F.3d 576 (4th Cir.1994).

 The Court further agrees with Appellee that the costs assessed against Defendant are not compensation for actual pecuniary losses because the costs assessed would have been incurred by the disciplinary entity regardless of the outcome, as it serves a public function-i.e., protection of the public from attorney misconduct.  Even if the costs assessed are for monies expended in proceeding against an attorney, it is undeniable the costs assessed resulted from a quasi-criminal proceeding intended to protect the public.  Therefore, the costs assessed are appropriately deemed a nondischargeable debt.

 Because courts must consider the nature of the costs assessed and the context in which they are assessed, Mitchell's argument that Supreme Court Rules of Government of the Bar of Ohio require reversal is unavailing.  Just because the relevant Rule does not contain a "sanction" or "monetary penalty" in Rule V governing attorney disciplinary hearings but instead authorizes "costs" does not change the nature of the proceeding or the purpose of the cost assessment.  This argument is unpersuasive because the nature of the proceeding is quasi-

criminal and the costs assessed are correctly considered a penalty regardless whether the language of the Supreme Court rules call it a cost or a penalty.  This is a prime example of substance over form.

The Court also holds that the Bankruptcy Court's reliance on *Dalton* was not misplaced.  Appellant contends *Dalton* involved the unauthorized practice of law which contains an actual civil penalty in addition to costs and expenses.  It was this civil penalty that the Ohio Supreme Court in *Dalton* found to be nondischargeable.  While Mitchell is correct that the penalty at issue in *Dalton* was an actual civil penalty, the Ohio Supreme Court considered in general monetary sanctions imposed in attorney-discipline cases.  The Court concluded that such monetary sanctions are penal.  The Court went on to say "we find this reasoning applicable herein even though this case involves the unauthorized sanction of law." *Dalton,* 124 Ohio St.3d at 516.  Thus, the Ohio Supreme Court applied its general holding of monetary sanctions in the broader context of attorney-discipline cases to the specific case before it involving the unauthorized practice of law.  Therefore, the Bankruptcy Court's reliance on *Dalton* for the proposition that monetary sanctions in attorney discipline cases are penal was not misplaced but accurately reflects the reasoning of the Ohio Supreme Court.

Lastly, the parties dispute whether the cost assessment was properly characterized as falling under the "Sanction" heading in the Ohio Supreme Court Order.   While the matter is open for debate, it is not dispositive and does not change the fact that the Bankruptcy Court properly considered the context and nature of the costs assessed and found them to be a penalty constituting a nondischargeable debt.  This Court agrees for the reasons stated above and affirms the decision of the Bankruptcy Court.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  April 6, 2015